IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHABAT NABAYA, § | |
|    Petitioner, § | |
| § | |
| v. § | No. 3:18-cv-1460-N (BT) |
| § | |
| UNITED STATES OF AMERICA, § | |
|    Respondent. § | |

**<u>FINDINGS, CONCLUSIONS, AND RECOMMENDATION</u>**
**<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Shabat Nabaya, a federal prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, and the Court granted him leave to proceed *in forma pauperis*. The District Court referred the matter to the United States magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the petition should be DISMISSED.

I.

Petitioner was convicted in the Eastern District of Virginia of: (1) retaliating against a federal officer by false claim in violation of 18 U.S.C. § 1521; and (2) making a false statement in a bankruptcy in violation of 18 U.S.C. § 152(3). On February 28, 2018, Petitioner was sentenced to a total of 71 months in prison. On March 2, 2018, Petitioner filed an appeal. That appeal is currently pending. On June 7, 2018, Petitioner filed his § 2241 petition, in which he argues the trial court lacked jurisdiction over his criminal case.

II.

The primary procedural vehicle by which a federal prisoner may collaterally attack the legality of his sentence is 28 U.S.C. § 2255. *See Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). However, a federal prisoner may use § 2241 to challenge the legality of his sentence if he can satisfy the requirements of the § 2255 "savings clause." The savings clause provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). Petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (quoting *Pack v. Ysuff,* 218 F.3d 448, 452 (5th Cir. 2000)). The Fifth Circuit has stated, "§ 2241 is not a mere substitute for § 2255 and [ ] the inadequacy or inefficacy requirement is stringent." *Reyes-Requena*, 243 F.3d at 901; *see also, Pack*, 218 F.3d at 453 ("[M]erely failing to succeed in a section 2255 motion does not establish the inadequacy or ineffectiveness of the section 2255 remedy.").

Utilization of § 2241 instead of § 2255 is limited to very specific situations, and a petitioner seeking relief under the savings clause of § 2255 must

2

demonstrate that (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. *See Reyes-Requena*, 243 F.3d at 904.

Here, Petitioner has failed to establish that he is entitled to rely on the savings clause of § 2255. His § 2255 claims are currently pending on direct review. He therefore has failed to show that § 2255 is an inadequate or ineffective remedy. He has also failed to cite any retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense. The petition should be dismissed for lack of jurisdiction. *See Christopher v. Miles*, 342 F.3d 378, 379 (5th Cir.) (remanding a case for dismissal for lack of jurisdiction when the petitioner failed to show § 2255 inadequate or ineffective).

### III.

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition under 28 U.S.C. § 2241 be dismissed for lack of jurisdiction.

Signed September 10, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).